# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SHARIFF KENTE; MILLER**, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 16 C 4386 |
| **CPT. SALAS**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Shariff Kente; Miller ("Miller") has utilized a Clerk's-Office-supplied form of Complaint to sue a number of United States employees for damages that he assertedly sustained in December 2012 at the Chicago Metropolitan Correctional Center ("MCC"). That filing has been coupled with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application and a Motion for Attorney Representation. Because of a fundamental flaw in Miller's claim as he has advanced it, this memorandum order is issued sua sponte to address that basic problem.

As for the Complaint, Miller has checked its alternative caption reading "Complaint Under the Constitution ('Bivens' Action), Title 28 Section 1331 U.S. Code." That, however, clearly takes him out of court on limitations grounds. Here is what our Court of Appeals has taught in <u>King v. One Unknown Fed. Correctional Officer</u>, 201 F.3d 910, 913 (7th Cir. 2000) (numerous citations omitted), a <u>Bivens</u> action by a federal prisoner that was astonishingly parallel to what Miller has alleged here:

> We determine the statute of limitations for *Bivens* actions as we determine the statute of limitations for § 1983 actions. The statute of limitations for both § 1983 and *Bivens* actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred.

And innumerable decisions at both our Court of Appeals' level and in the District Courts in this Seventh Circuit have uniformly enforced a two-year limitation period for Illinois-based claims in dealing with allegations that sound in tort, as is true of Miller's. That of course dooms his Bivens-based action stemming from a late 2012 incident.

    That principle, coupled with the also-well-established principle that a District Court is not permitted to reframe a plaintiff's claim in a fashion that the litigant has not himself, herself or itself chosen, calls for the dismissal of the Complaint and this action, and this Court so orders. Having done so, however, this Court notes that some of the exhibits attached to the Complaint reflect Miller's earlier administrative pursuit, under the Federal Tort Claims Act, of the selfsame claim that he advances here. Because the current posture of that effort is not at all clear, this memorandum order is limited to the dismissal of Miller's Bivens claim without prejudice.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: April 22, 2016